UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __13-2181__   Caption: __Metropolitan Health Corporation; Michael Faas v. Mary Teresa Scott__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Metropolitan Health Corporation, d/b/a Metropolitan Hospital__
(name of party/amicus)

who is _____Appellee_____, makes the following disclosure:
       (appellant/appellee/amicus)

1. Is party/amicus a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?   ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?   ☐ YES ☑ NO
   If yes, identify all such owners:

- 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?   ☑ YES ☐ NO
    If yes, identify entity and nature of interest:

    Chubb Insurance, which paid a portion of Appellee's defense costs in the Michigan civil action that resulted in sanctions judgment against Apellant. The dischargeability of Appellant's liability under that judgment is the subject of this appeal. If the Appellees are ever able to collect on the judgment, then Chubb Insurance would be entitled to reimbursement for defense costs.

5.  Is party a trade association? (amici curiae do not complete this question)   ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?   ☑ YES ☐ NO
    If yes, identify any trustee and the members of any creditors' committee:

    Joseph N. Callaway, Esq.
    Battle, Winslow, Scott & Wiley, PA
    P.O. Box 7100
    Rocky Mount, NC 27804-0100
    Phone: (252) 451-9635

    Signature: _____     Date: October 2, 2013

    Counsel for: Metropolitan Health Corporation

## CERTIFICATE OF SERVICE
*************************

I certify that on October 2, 2013 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Pamela W. McAfee
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, North Carolina 27612

Joseph S. Dowdy
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
4140 Parklake Avenue
Raleigh, North Carolina 27612

Laura J. Wetsch
Winslow & Wetsch, PLLC
416 Morson Street
Raleigh, NC 27601-0000

_____
(signature)

October 2, 2013
(date)